UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTRELL SMITH,

    Petitioner,

                                      CASE NO. 2:08-CV-12830
v.                                     JUDGE PAUL D. BORMAN
                                      MAGISTRATE JUDGE PAUL KOMIVES

KENNETH McKEE

    Respondent.
                                 /

**REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT (docket #5)**

I.     RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #5).

II.    REPORT:

A.    *Procedural Background*

Petitioner Dontrell Smith is a state prisoner, currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. Petitioner is serving a sentence of life imprisonment without possibility of parole imposed as a result of his 2001 state court convictions for conspiracy to commit first degree murder, second degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted on May 16, 2001, and was sentenced on June 18, 2001, in the Genesee County Circuit Court.

- Petitioner filed an appeal of right in the Michigan Court of Appeals. The court of appeals denied his claims and affirmed his conviction on May 20, 2003. *See People*

*v. Smith*, No. 235211, 2003 WL 21186653 (Mich. Ct. App. May 20, 2003).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The supreme court denied petitioner's application in a standard order on October 31, 2003, and denied petitioner's motion for rehearing on January 27, 2004. *See People v. Smith*, 469 Mich. 953, 670 N.W.2d 674 (2003), *reh'g denied*, 469 Mich. 953, 675 N.W.2d 595 (2004).

- On March 5, 2004, petitioner filed an application for the writ of habeas corpus in this Court.[1] On October 28, 2004, petitioner filed a motion for voluntary dismissal so that he could exhaust some claims which had not been exhausted in the state courts. The Court granted the motion and dismissed the petition on November 2, 2004.

- Petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508 on January 27, 2005. The trial court denied the motion on October 17, 2005.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on May 3, 2007. *See People v. Smith*, No. 273734 (Mich. Ct. App. May 3, 2007).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on October 29, 2007. *See People v. Smith*, 480 Mich. 920, 740 N.W.2d 258 (2007). Petitioner's motion for rehearing was denied on February 19, 2008. *See People v. Smith*, 480 Mich. 1078, 744 N.W.2d 131 (2008).

On June 10, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] As grounds for the writ, petitioner raises claims of insufficient evidence, ineffective assistance of counsel, prosecutorial misconduct, and improper sentencing. Respondent

---

[1]Petitioner's initial filing was rejected for failing to pay the filing fee. The case was subsequently filed by the Clerk on March 30, 2004. Because it does not affect the analysis, I give petitioner the benefit of the doubt and assume that his first habeas petition was filed on March 3, 2004.

[2]Although petitioner's application is file-stamped July 2, 2008, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated June 10, 2008. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on June 10, 2008.

filed a motion for summary judgment on January 9, 2009, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on February 5, 2009. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.   *Analysis*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations

---

[3] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

period may begin to run. Petitioner does not assert that any provision of § 2244(d)(1) other than default starting provision of subparagraph (A) applies. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> 
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, the Michigan Supreme Court denied petitioner's motion for rehearing on January 27, 2004, and his conviction became final 90 days later when his time for seeking *certiorari* in the United States Supreme Court expired. Thus, the limitations began to run on April 29, 2004, and expired one year later, on April 29, 2005, absent any tolling. Because petitioner did not file his petition until June 10, 2009, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  Petitioner's motion for relief from judgment was filed in the trial court on January 27, 2005.  At this time, 273 days had elapsed on the limitations clock.  The clock recommenced on February 19, 2008, when the Michigan Supreme Court denied his motion for rehearing in connection with his appeal on the motion for relief from judgment.  From that date until petitioner filed his application on June 10, 2008, and additional 110 days elapsed.  Thus, a total of 383 days elapsed on the limitations clock.

Petitioner does not dispute these calculations.  Rather, he argues that his petition is timely because he was entitled to a reasonable time to pursue further state court relief and then return to this Court following the dismissal of his first habeas petition on exhaustion grounds.  Because it did not constitute "an application for *State* post conviction or other collateral review," petitioner's first habeas application did not toll the limitations period under § 2244(d)(2).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  The Court's opinion did not foreclose, however, other actions on the part of a federal court to take into account the time a petitioner spends pursuing a first, unexhausted petition.  In his concurring opinion, Justice Stevens suggested that a federal court may "retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies."  *Id.* at 182-83 (Stevens, J., concurring).  Further, nothing "in the text or legislative history of AEDPA[] precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity."  *Id.* at 183.  The Sixth Circuit has suggested that adopting one of these two courses of action is proper where a petitioner's habeas claims are jeopardized by an earlier filed, unexhausted habeas petition.  *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir.

5

2002).

The resolution of this issue is governed by the Sixth Circuit's decision in *Palmer* and its subsequent decision applying *Palmer* in *Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002) ("*Griffin I*"). In *Palmer*, the Sixth Circuit was persuaded by the reasoning of Justice Stevens in his *Duncan* concurrence, as well as the reasoning of the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), that a proper understanding of both the limitations provision and the exhaustion requirement required a special framework for situations in which a dismissal without prejudice could jeopardize the timeliness of a subsequent, properly exhausted habeas petition. Under this framework, "[a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court." *Palmer*, 276 F.3d at 781. However, "[t]o allay the concern that a petitioner might take an undue amount of time to pursue state court remedies," *id*., a petitioner must act diligently by filing his state court claim and his subsequent exhausted federal petition within a reasonable time, "'normally 30 days' after a stay is entered for the former, and '30 days' after state court exhaustion is completed for the latter." *Id*. (quoting *Zarvela*, 254 F.3d at 381). If either condition is not met, the district court may amend the stay order *nunc pro tunc* and dismiss the second, exhausted petition.

In *Griffin I*, the court explained that of Justice Stevens's two options–dismissal plus equitable tolling or a stay of proceedings–"it is preferable for district court to stay proceedings pending exhaustion." *Griffin I*, 308 F.3d at 652 n.1. If the district court does choose dismissal, however, the court "should dismiss only the unexhausted claims and should retain jurisdiction over any exhausted claim." *Id*. In this case, however, the stay option is unavailable. The first case was already dismissed, and thus there are no proceedings which the Court may stay pending exhaustion. In these

circumstances, the Court "must determine whether the petitioner is entitled to equitable tolling of the statute of limitations following dismissal to permit exhaustion by examining the petitioner's subsequent diligence in exhausting state remedies and returning to federal court." *Id*. at 652. This alternative analysis applies to a case, such as this one, in which the "petition was dismissed without prejudice for failure to exhaust" prior to the Sixth Circuit's "clarification that ordinarily, a district court should stay such unexhausted claims pending exhaustion rather than dismiss them without prejudice for that same purpose." *Id*.

Here, petitioner did not exhibit sufficient diligence in pursuing exhaustion and returning to federal court. Following dismissal in this Court on November 2, 2004, petitioner waited until January 25, 2005, or 94 days, to file his state court motion for relief from judgment. This was more than three times the 30-day diligent time period recognized in *Palmer* and *Griffin I*. After the conclusion of state court proceedings on February 19, 2008, petitioner waited until June 10, 2008, or 110 days, to file his current habeas application. Again, this time period is more than three times the 30-day diligent time period recognized in *Palmer* and *Griffin I*. In these circumstances, petitioner has not exercised reasonable diligence. The delays both between the dismissal of his habeas petition and filing of a state post-conviction motion, and between the conclusion of state court proceedings and the filing of this application, were well outside the 30-day reasonableness period established in *Palmer*. Because there is no explanation for this delay, petitioner is not entitled to equitable tolling for the time spent in federal court and spent pursuing his state court remedies. *See Parker v. Sheets*, 1:07CV386, 2008 WL 5770468, at *9 (N.D. Ohio Jan. 29, 2008) (petitioner not entitled to equitable tolling where more than three times the *Palmer* 30-day period elapsed between dismissal of first petition and state court filing, and between conclusion of state court

proceedings and second federal filing); *see also*, *Palmer*, 276 F.3d at 782; *Griffin I*, 308 F.3d at 653 (emphasis added) ("As *Palmer* makes clear, a petitioner in Griffin's situation is entitled to equitable tolling *provided* that the petitioner filed in state court within thirty days of the federal court dismissal and returned to federal court no later than thirty days following state court exhaustion."); *Musgrove v. Filion*, 232 F. Supp. 2d 26, 29 (E.D.N.Y. 2002).

Indeed, had petitioner followed the 30-day periods established in *Palmer*, his application would have been timely without resort to any equitable tolling. As noted above, petitioner's limitations clock began to run on January 27, 2004. By the time his first federal petition was dismissed on November 2, 2004, 278 of the 365 days available to him had elapsed. The time spent pursuing state court post-conviction relief was tolled pursuant to § 2244(d)(2), and thus had petitioner filed that post-conviction motion within 30 days of the dismissal of his first federal petition, and then filed this petition within 30 days of the conclusion of the state court proceedings, only an additional 60 days would have elapsed, resulting in a total of 338 days of the limitations clock elapsed. Thus, had petitioner complied with the diligence requirement set forth in *Palmer* and *Griffin*, petitioner's current habeas application would be timely regardless of the time spent in this Court pursing his first habeas application. On appeal after remand in *Griffin*, the Sixth Circuit explained that "in *Palmer v. Carlton*, this Court adopted a stay-and-abeyance procedure, which affects a mandatory form of equitable tolling for the narrow group of cases in which a mixed petition is dismissed *near or after the expiration of* the AEDPA limitations period." *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005) (emphasis added) ("*Griffin II*"); *see also*, *Bozsik v. Bagley*, No. 1:03CV01625, 2008 WL 4191141, at *4 (N.D. Ohio Sept. 8, 2008) (*Palmer* "procedure applies only to those cases in which a mixed petition is dismissed near or after the expiration of the AEDPA

8

limitations period."). Because petitioner still had ample time to both exhaust his state court remedies and comply with the AEDPA limitations period following the dismissal of his first federal application, the *Palmer* procedure is inapplicable.[4]

Because the *Palmer* procedure is inapplicable, and because in any event petitioner failed to comply with the time requirements of that procedure, petitioner is not entitled to the mandatory equitable tolling established in *Palmer*. It is still possible, however, that petitioner may be entitled to traditional equitable tolling. *See Griffin II*, 399 F.3d at 635. The Court should conclude that petitioner is not entitled to traditional equitable tolling. To be entitled to traditional equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner cannot point to any extraordinary circumstance that stood in his way and prevented timely filing. At the time the Court dismissed petitioner's first habeas application, he still had nearly 90 days in which to file his state post-conviction motion and then return to this Court after the conclusion of state court proceedings, half again as much as the time he would have had under the *Palmer* procedure. This is not a case in which petitioner's failure to comply with the *Palmer* procedure predates the establishment of that

---

[4]*Palmer* and *Griffin* appear to establish a mandatory procedure. However, the Court did not err in dismissing petitioner's first application–pursuant to his request–rather than staying the action because, as noted above, the *Palmer* procedure is inapplicable where the dismissal occurs well before the expiration of the limitation period. Further, even if the Court did err in dismissing petitioner's first application rather than issuing a stay, the error was harmless in light of the fact that petitioner did not comply with the 30-day periods established in *Palmer*. *See Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th. Cir. 2003); *While v. Ganshiemer*, No. 4:05CV2588, 2007 WL 2840406, at *12 (N.D. Ohio Sept. 27, 2007).

procedure. *Cf. Kincade v. Wolfenbarger*, ___ Fed. Appx. ___, ___, 2009 WL 1034938, at *5 (6th Cir. Apr. 20, 2009) (district court did not err in equitably tolling limitation period where at time first federal petition was dismissed *Palmer* had not yet been decided); *Griffin II*, 399 F.3d at 636 (same). On the contrary *Duncan*, *Palmer*, and *Griffin I*, as well as a number of cases applying these decisions, were well established by the time petitioner's first federal petition was dismissed. These decisions provided petitioner with constructive notice of the need to proceed diligently to state court and back to federal court. *See McMurray v. Scutt*, 136 Fed. Appx. 815, 817-18 (6th Cir. 2005); *cf. Pliler v. Ford*, 542 U.S. 225, 231-32 (2004) (even where limitations period has already expired, court is not required to warn petitioner of limitations consequences of dismissal of mixed petition before dismissing action). Nor is this a case where the Court's dismissal order affirmatively mislead petitioner into believing that he had more time to exhaust his state court remedies than he was otherwise entitled to under the AEDPA. *Cf. Kincade*, ___ Fed. Appx. at ___, 2009 WL 134938, at *5. Petitioner has pointed to no other extraordinary circumstances which prevented him from timely filing his habeas application notwithstanding the filing of his first, unexhausted petition, or which prevented him from comply with the *Palmer* procedure. Accordingly, petitioner is not entitled to traditional equitable tolling of the limitations period.

C. *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. The Court should also conclude that petitioner is entitled to neither mandatory equitable tolling under *Palmer* nor traditional equitable tolling. Accordingly, the Court should grant respondent's motion to for summary judgment and should dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/Paul J. Komives
                                                          PAUL J. KOMIVES
                                                          UNITED STATES MAGISTRATE JUDGE

Dated: July 21, 2009

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail and Dontrell Smith on July 21, 2009.
>
>                                    s/Eddrey Butts