**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONTRELL SMITH,

       Petitioner,                       Case No. 2:08-CV-12830

v.                                        JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE PAUL KOMIVES

KENNETH McKEE,

       Respondent.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
(2) DENYING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF SUMMARY JUDGMENT, AND
(3) DISMISSING THE PETITION.**

      Before the Court are Petitioner Dontrell Smith's ("Petitioner") Objections to Magistrate Judge Paul Komives' July 21, 2009 Report and Recommendation in favor of granting Respondent Kenneth McKee's ("Respondent") Motion for Summary Judgment. (Dkt. No. 10.)[1] Respondent did not file objections. The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.    BACKGROUND**

      The Court finds the Magistrate Judge has accurately and succinctly set forth the relevant facts and dates pertinent to this motion in his Report and Recommendation. The Petitioner does not

___

[1] On August 24, 2009, Petitioner filed a "Motion to Amend and Amended Objections to Petitioner Objection to the Report and Recommendation of Magistrate in Opposition" which was not granted by this Court. These later-filed objections were not timely. In any event, they offer arguments which this Court finds unpersuasive.

disagree with these dates and facts as outlined by the Magistrate and therefore the Court shall adopt by reference those portions of the Report and Recommendations. (Report 1-2.) To summarize, the pertinent dates are as follows:

> 1. Petitioner was convicted on May 16, 2001 and sentenced on June 18, 2001 in the Genesee County Circuit Court.
>
> 2. Petitioner filed an appeal of right in the Michigan Court of Appeals which was denied and petitioner's conviction affirmed on May 20, 2003.
>
> 3. Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied the application on October 31, 2003 and denied petitioner's motion for rehearing on January 27, 2004.
>
> 4. On March 5, 2004 petitioner filed an application for the writ of habeas corpus in this Court. On October 28, 2004, petitioner filed a motion for voluntary dismissal to allow him the opportunity to exhaust his claims in state court, which United States District Judge Tarnow granted on November 2, 2004.
>
> 5. Petitioner filed a motion for relief from judgment in the state trial court on January 27, 2005. The trial court denied the motion on October 17, 2005.
>
> 6. Petitioner filed an application for leave to appeal in the Michigan Supreme Court which was denied by order dated October 29, 2007. Petitioner's motion for rehearing was denied on February 19, 2008.
>
> 7. On June 10, 2008 petitioner filed the application for writ of habeas corpus that is presently before this Court.
>
> 8. Respondent filed a motion for summary judgment on January 9, 2009 arguing that petitioner's habeas petition is untimely. Petitioner filed a response to the motion on February 5, 2009.

Petitioner does not dispute these dates but argues that his petition is timely because he was entitled to equitable tolling after he filed his first petition for habeas relief in federal court on March 5, 2004.

**II.     ANALYSIS**

**A.     Legal Standard**

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

**B.     Objections**

Petitioner does not list specific objections to the Report and Recommendation. Instead, Petitioner merely reasserts, with some amplification, the arguments made in his response to Respondent's motion for summary judgment. Petitioner argues that he is entitled to equitable tolling for the period of time between Judge Tarnow's dismissal of his first unexhausted petition and the time that he returned to this Court on June 10, 2008 to file the present petition, during which time he returned to state court to pursue his post-conviction remedies. The Magistrate Judge correctly concludes that Petitioner has failed to meet his burden of establishing his right to equitable tolling.

**1.  The Tolling Provisions**

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State

> postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's case proceeds under subparagraph (A) and the operative date for commencement of the statutory limitations period in this case is April 29, 2004 (91 days after the date, January 27, 2004, on which the Supreme Court denied petitioner's motion for rehearing). *See Kapral v. United States,* 166 F.3d 565, 570-571 (3d Cir. 1999) (holding that judgment does not become final until the Supreme Court affirms the conviction or, if no petition is filed, the judgment becomes final when the time for seeking such review [here 90 days] expires)**.**  Accordingly, the limitations period expired one year later, on April 29, 2005**.** Petitioner filed this habeas action on June 10, 2009 which is untimely absent any tolling.  Pursuant to § 2244(d)(2): "The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner's limitations period began to run on April 29, 2004 and ran until January 27, 2005 when he filed for post conviction relief in state court (273 days).   The limitations period was then tolled until February 19, 2008 when the Michigan Supreme Court denied his motion for rehearing on the post conviction relief he sought.  Petitioner filed his petition in this Court on June 10, 2008, 112 days later.  Thus, a total of 385 days had run when the instant petition was filed. Petitioner does not dispute these calculations but argues that his petition is timely under principles of equitable tolling.

**2. The Availability of Mandatory or Traditional Equitable Tolling**

Petitioner argues that he is entitled to have the limitations period tolled beginning with the his first petition for habeas relief which was filed in this Court on March 30, 2004 and dismissed without prejudice by Judge Tarnow on November 2, 2004.  As the Magistrate Judge correctly points

5

out, an application for federal habeas relief does not constitute an application for "State post conviction or other collateral review." *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) ("Tolling the limitation period for a federal habeas petition that is dismissed without prejudice would thus create more opportunities for delay and piecemeal litigation without advancing the goals of comity and federalism that the exhaustion requirement serves. We do not believe that Congress designed the statute in this manner.") However, as the Magistrate Judge also correctly states, the Court in *Duncan* did not foreclose the application of equitable tolling principles where appropriate. *Id*. at 183. The Sixth Circuit adopted the *Duncan* Court's invitation and, in a series of cases discussed fully by the Magistrate Judge in his opinion (at pp. 6-8), has fashioned a definite framework for determining when equitable tolling is appropriate. A district court faced with an unexhausted habeas petition should dismiss only the unexhausted claims and should stay proceedings while the petitioner pursues and exhausts his remedies in state court. *See Palmer v. Carlton*, 276 F.3d 777, 780-782 (6th Cir. 2002)); To be entitled to tolling during the period of the stay, the petitioner must diligently pursue (within a period of 30 days of entering of the stay) his state court remedies and diligently return to federal court upon their conclusion (within 30 days following state court exhaustion). *Id*. at 781.

In the case before this Court, a stay was not entered because Petitioner filed a motion for voluntary dismissal, which Judge Tarnow granted, for the express purpose of returning to state court to exhaust his remedies. The Sixth Circuit has held that in such a situation the same 30-day diligence standards apply and the court "must determine whether the petitioner is entitled to equitable tolling of the statute of limitations following dismissal to permit exhaustion by examining the petitioner's subsequent diligence in exhausting state remedies and returning to federal court." *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The 30-day diligent time frame adopted in

*Palmer* applies:

> [W]e must determine whether the petitioner is entitled to equitable tolling of the statute of limitations following dismissal to permit exhaustion by examining the petitioner's subsequent diligence in exhausting state remedies and returning to federal court. As in *Palmer* and *Hargrove*, we are faced with a petitioner whose petition was dismissed without prejudice for failure to exhaust state remedies. . . . Whether the district court dismissed the petition for failure to exhaust, with an explicit (as in this case and *Hargrove*, 300 F.3d 717, 2002 WL 1842218, at *1) or implicit (as in *Palmer*, 276 F.3d at 781) instruction to exhaust the claims in state court before returning, or stayed the proceedings pending exhaustion, the consequences for Griffin should be the same. Accordingly, we turn to Griffin's timeliness in returning to state court and then back to federal court to determine whether she met the requirements of *Palmer*.

308 F.3d at 652 (internal citations, quotation marks and footnote omitted).

In the instant case, Petitioner's first habeas petition was dismissed on November 2, 2004 and he filed his post conviction relief motion in state court on January 27, 2005. Petitioner waited 94 days to take action in state court, 64 days more than the time allowed under the diligence standard enunciated in *Palmer*. Petitioner's state court claims became fully exhausted on February 19, 2008 when the Michigan Supreme Court denied his leave to appeal and Petitioner waited 110 days, until June 10, 2008, to file this petition. As the Magistrate Judge correctly observed in his Report," both delays were well outside the 30-day reasonableness period established in *Palmer*." (Report 7.)

Although Petitioner clearly does not qualify for the mandatory equitable tolling outlined in *Palmer* and *Griffin*, he appears to argue that the statute should have been tolled under traditional equitable tolling principles. "[I]n the habeas context, the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *See Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Courts consider five factors (not all of which are relevant in every case) in determining whether traditional equitable tolling is available: (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of

7

constructive knowledge of the filing requirement; (3) petitioner's diligence in pursuing his rights; (4) the absence of prejudice to the defendant; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008; *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

The Magistrate Judge suggests that in order to be entitled to traditional equitable tolling petitioner must show: "(1) [T]hat he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).  Analysis under either test demonstrates that  Petitioner in the instant case, who had filed a motion for voluntary dismissal of his first petition for the express purpose of pursuing exhaustion in state court, and who already knew the process for filing a federal habeas petition, cannot claim (as he tries to do in his original and amended objections)  that he did not understand the need for diligence or that he did not understand the legal process.  As the Magistrate Judge points out, *Palmer* and its progeny were well established law at the time Petitioner was returning to state court to exhaust  his remedies and they served as constructive notice to Petitioner that he needed to proceed with diligence to state court and back to federal court.  *See McMurray v. Scutt*, 136 Fed. App'x 815, 817-818 (6th Cir. 2005) (unpublished).  Petitioner points to no extraordinary circumstances that prevented him from timely filing this habeas petition.  The undisputed facts show that this petition is barred by the applicable statute of  limitations and Petitioner has not met his burden of demonstrating his entitlement to equitable tolling.

### III.   CONCLUSION

For these reasons, the Court:

(1)   **ADOPTS** the Magistrate Judge's Report and Recommendation granting

    Respondent's Motion for Summary Judgment;

(2)    **DENIES** Petitioner's Objections to the Magistrate Judge's Report and Recommendation in favor of summary judgment; and

(3)    **DISMISSES** the Petition **WITH PREJUDICE**.

**SO ORDERED.**

    S/Paul D. Borman  
    PAUL D. BORMAN  
    UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 29, 2009.

    S/Denise Goodine  
    Case Manager