UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTRELL SMITH,

        Petitioner,                        Case No. 2:08-CV-12830

v.                                          JUDGE PAUL D. BORMAN
                                            MAGISTRATE JUDGE PAUL KOMIVES

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Before the Court are Petitioner Dontrell Smith's ("Petitioner") Motion for Certificate of Appealability and Motion to Proceed *In Forma Pauperis*. (Dkt. Nos. 17 and 18.) For the reasons set forth herein, the Court denies a certificate of appealability and denies leave to proceed *in forma pauperis*.

**I.    BACKGROUND**

On September 30, 2009 this Court adopted Magistrate Judge Komives' Report and Recommendation granting Respondent's motion for summary judgment and dismissing Petitioner's petition for habeas relief. (Dkt. No. 14.) This Court agreed with the Magistrate Judge that Petitioner's habeas petition is barred by the applicable statute of limitations and that Petitioner did not meet his burden of demonstrating his entitlement to equitable tolling. Petitioner did not, and does not now, dispute that his petition is untimely filed under the applicable traditional tolling guidelines. Nor does Petitioner press, in his motion for certificate of appealability, the argument rejected by this Court and the Magistrate Judge, that Petitioner was entitled to tolling after he filed

1

his first unexhausted habeas petition in this Court on March 30, 2004. (Dkt. No. 14 5-8.) Instead, Petitioner now argues that he is entitled to equitable tolling because he was transferred to different correctional facilities during the time that he was trying to prepare his instant petition and had difficulties in getting the assistance of prisoner-paralegals which resulted "in a delay of almost 136 days for getting this habeas corpus into this Honorable Court." (Pet'r's Mot. 2.)

Petitioner concedes that his arguments regarding his "untimely filing" of his instant habeas petition in this Court were not properly presented to this Court, as the proffered justifications first appeared in Petitioner's untimely-filed Amended Objections to the Magistrate's Report and Recommendation. (Dkt. No. 12.) Petitioner states in his brief in support of his motion for certificate of appealability: "[T]he issue of tolling the petitioners [sic] time for the purpose of reaching the merits of the issue's [sic] raised, was never considered as sought in petitioner's Amended Objection to the Magistrate's Report and Recommendation, where petitioner shows that it was no fault of his own that his filing was a little untimely." (Pet'r's Br. 1.) In fact, in its Opinion and Order, this Court did take note of Petitioner's untimely-filed amended objections to the Magistrate Judge's Report and Recommendation, and observed that they offered additional (and untimely) arguments which this Court found unpersuasive. (Dkt. No. 14, Opinion and Order, 1, n.1.)

**II.   ANALYSIS**

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition is denied on procedural grounds, a

certificate of appealability should issue "if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484-485.  Because a failure of either is showing is fatal to a petitioner's claim, and because it is well recognized that courts should pass upon a constitutional question if there is also present some other ground upon which the decision may rest, courts are encouraged to resolve the procedural issues first, where applicable.  *Id.* at 485.

The calculation of Petitioner's traditional tolling period is set forth in detail in this Court's earlier Opinion and Order and, in any event, Petitioner does not challenge this calculation, nor does he deny that the filing of his instant petition was outside the statutory period.  He argues for equitable tolling, which the Sixth Circuit has determined should be available only where the Petitioner demonstrates that he meets the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988): (1) petitioner lacked notice of the filing requirement; (2) petitioner lacked constructive knowledge of the filing requirement; (3) petitioner was diligent in pursuing his rights; (4) there is no prejudice to the respondent; and (5) the petitioner was reasonable in remaining ignorant of the legal requirement for filing his claim.  *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001).  As discussed at length in this Court's earlier Opinion and Order, Petitioner was well aware of the filing requirements controlling the timeliness of his habeas petition and was not diligent in pursuing his rights to habeas relief at any point in his petition process.  (Dkt. No. 14, Opinion and Order, 6-8.)

Petitioner argues in his motion for a certificate of appealability the very same excuse that he offered in his amended objections to the Magistrate Judge's Report and Recommendation, i.e.

that he was transferred to another correctional facility and had trouble getting the assistance of a prisoner-paralegal to help him brief and file his habeas petition in this Court.  (Pet'r's Mot. 2.) However, it is well settled that the lack of legal assistance, ignorance of the law or the frustrations of typical prison conditions that make prison-based litigation difficult, i.e. lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations."); *Menefee v. Barnhart*, 2009 WL 3465148, No. 09-CV-10605 at * 3 (E.D. Mich. Oct. 23, 2009) (lack of training in the law, failure to obtain legal assistance or lack of awareness of the filing period limitation does not warrant tolling);  *Boldiszar v. Prelesnik*, 2009 WL 1956931, No. 08-CV-10965 at * 3 (E.D. Mich. July 8, 2009) (limited access to the law library, a typewriter and copies, typical conditions of prison life, do not constitute exceptional circumstances which justify equitable tolling).

In the instant case, Petitioner offers nothing more by way of excuse for his late filing than his inability to get prisoner-paralegal assistance and his movement from one correctional facility to another.  This Petitioner has not shown "that unusual prison conditions precluded him from filing his petition in a timely manner." *Boldiszar*, *supra* at 3.  No jurist of reason would find this Court's conclusion that the petition was untimely to be debatable or wrong.  No certificate of appealability is warranted and this Court will not grant Petitioner leave to proceed on appeal *in forma pauperis* because such an appeal would be frivolous.

4

**III.  CONCLUSION**

This Court DENIES Petitioner's Motion for Certificate of Appealability and DENIES Petitioner's Motion for To Proceed *In Forma Pauperis*.

**IT IS SO ORDERED.**

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated:  November 20, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 20, 2009.

        S/Denise Goodine
        Case Manager